## McCleary's Appeal.

Guardian was appointed by orphans' court improvidently and without notice to the father of the minors. Upon evidence that the court had acted mistakenly, the order was revoked, without notice to the guardian, two days after it was made and before he had qualified. *Held*, not erroneous.

(Decided November 2, 1885.)

Appeal from decree of Orphans' Court of Washington County revoking an order of appointment as guardian. Affirmed.

On several petitions being presented to the orphans' court of Washington county, Dr. W. L. McCleary was appointed as guardian of the infant children of Martha Danley, deceased. Two days after, and before his bond was approved, John S. Danley presented his petition setting forth that he was the father of the minors, and that he had not been notified that an application for the appointment of guardian would be made; that the decree appointing W. L. McCleary guardian took the care and custody of his own children out of his hands without alleging that he was not a proper person to have the custody of them.

After argument, the order appointing McCleary was revoked two days after it was made and before he had qualified, and another guardian was appointed. McCleary appealed.

*J. McFarland* for appellant.—The power to appoint guardians and the limitations of that power are clearly shown in the act of March 29, 1832, §§ 5, 6 (Pamph. Laws, 191), which provide that "the orphans' court of each county shall have care of the persons of minors, resident within such county, and of their estates; and shall have power . . . to appoint guardians for such as they shall judge too young, or otherwise incompetent, to make choice for themselves: "Provided: (1) Persons of

NOTE.—The court may revoke the appointment of a guardian improvidently made; thus, if an improper person was appointed on the petition of one not entitled to ask (Senseman's Appeal, 21 Pa. 331; Corwin's Appeal, 126 Pa. 326, 19 Atl. 38; Benscoter's Estate, 2 Kulp, 53); or if the appointment was made when the minor was a nonresident, having no property in the county (Taylor Minors' Estate, 26 W. N. C. 576, 47 Phila. Leg. Int. 466). The court may correct its own mistakes when imposed upon by suitors. Pote's Appeal, 106 Pa. 574, 51 Am. Rep. 540.

the same religious persuasion as the parents of the minors shall in all cases be preferred by the court in their appointment;" and (2) no administrator or executor shall be guardian of a minor interested in the estate under his care.

These two are the only exceptions to that power which the orphans' court is bound to exercise whenever it is informed that a certain minor needs a guardian.

The selection and appointment of a guardian is a matter entirely of judicial discretion. "The orphans' court may select suitable persons, so long as it takes care not to violate the positive rules of law." Senseman's Appeal, 21 Pa. 334.

Where these are violated, the error is corrected by the supreme court upon an appeal. Heinemann's Appeal, 96 Pa. 112, 42 Am. Rep. 532; Senseman's Appeal, 21 Pa. 334.

The orphans' court should aim to appoint one who is worthy, careful, and efficient, who will protect the ward's interests against all other persons. "The financial and moral interests of the minors" is the sole object to be aimed at, as is clearly manifest in all legislation on the subject, and clearly stated in § 12 of act March 29, 1832, and Heinemann's Appeal, 96 Pa. 112, 42 Am. Rep. 532.

The appointment is a final decision, a definitive decree. When once the orphans' court exercises the judicial discretion vested in it by the legislature, and appoints a guardian, it cannot take away his rights and authority for frivolous reasons, nor without citation, hearing, and due proof.

His appointment is not void because he omits to take out a certificate or file his bond. Eyster's Appeal, 16 Pa. 374; Scott, Intestate Laws, 70.

The act of assembly authorizes the removal of a guardian only in case of mismanagement of the estate, or misconduct in respect to the maintenance, education, or moral interests of the minor; and this must be regularly charged and satisfactorily proved. Nicholson's Appeal, 20 Pa. 53; Shilling's Appeal, 1 Pa. St. 90; Black's Case, 18 Pa. 434, 438; Act March 29, 1832, § 12 (Purdon's Digest, 516).

The legal method of removal must be followed, a citation must issue, grounded on the petition of some person interested, setting forth facts necessary to give the court jurisdiction, and made returnable at a day certain, not less than ten days after the is-

suing thereof, according to § 57, act March 29, 1832 (P. L. 208).

There must be "due proof" also, as required by § 12 of said act, for the complaint cannot be taken *pro confesso*. Shilling's Appeal, 1 Pa. St. 92.

Even where fraud is used in obtaining a decree, it must be established by proof before the propriety of the decree can be investigated. Marr's Appeal, 78 Pa. 69.

The judgments of all courts, whether ecclesiastical or civil, whether of inferior or superior judicatories, are absolutely void when rendered without citations, and without trial, and without the opportunity of a hearing. Com. v. Green, 4 Whart. 568; McKee v. McKee, 14 Pa. 237. This principle is recognized in Ege v. Sidle, 3 Pa. St. 124; Ragan's Estate, 7 Watts, 440; Shilling's Appeal, 1 Pa. St. 90.

In Newcomer's Appeal, 43 Pa. 45, the court says: "It is a new doctrine that rights conferred by the exercise of discretionary power are less secure than others, and it is unsustained either by reason or authority."

To anticipate the appellees. They cannot argue from the *dictum* in Senseman's Appeal, 21 Pa. 333, that a guardian appointment is void because a father was not notified of the application for an appointment. The language there used is merely a suggestion of propriety, not a regulation of necessity. The supreme court did not decide that an appointment is either void or voidable for want of notice to the father. The lower court was there reversed because the evidence showed that the guardian appointed was the executor of the estate in which the ward was interested. This was a violation of the statute.

*A. W. & M. C. Acheson*, for appellees.—In Senseman's Appeal, 21 Pa. 331, it is said: "It is the duty of a father to maintain, protect, and educate his offspring." Again: "But his duty and power to protect its interests remain; and, where he is in full life and within the jurisdiction of the court, he ought to have notice of the proceedings, and is entitled to be heard."

In Pote's Appeal, 15 W. N. C. 289, in a contest between the putative father of an illegitimate child and the uncle of the child on its mother's side, a much stronger case than the one at bar, the doctrine of Senseman's Appeal was sustained.

Per Curiam:

This is not the case of the removal of a guardian after he has given a bond and entered upon the discharge of his duties. It is merely the revocation of an order for the appointment of the appellant, two days after it was made and before he had qualified himself to act as guardian. The order for his appointment was improvidently made. It was without any notice to the father of the minors. At the same term, on satisfactory evidence that the court had acted mistakenly, the court corrected the error which it had committed. The appellant does not occupy such position as to give him any right to complain of the revocation of the order.

Decree affirmed and appeal dismissed, at the costs of the appellant.